UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 28 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FERNANDO GARCIA,       )
                       )
    Plaintiff,         )
                       )
v.                     )   Civil Action No.   08 1285
                       )
UNITED STATES COURT OF )
APPEAL FOR THE ARMED FORCES, )
                       )
    Defendant.         )

### MEMORANDUM OPINION

The plaintiff, serving a sentence after trial and conviction by a general court-martial, has filed a *pro se* complaint and application to proceed *in forma pauperis*. The court will grant the application, and dismiss the complaint for lack of jurisdiction.

The plaintiff has filed a complaint "in the nature of a writ of mandamus," (Compl. at 1), under the All Writs Act, 28 U.S.C. § 1651. Essentially, he asks this District Court to order the United States Court of Appeal for the Armed Forces to apply a "newly declared constitutional rule" announced in *Georgia v. Randolph*, 547 U.S. 103 (2006) to his case. (*Id.* at 2.)

Civil actions arising under the Constitution, laws or treaties of the United States may originate in a federal district court. *See* 28 U.S.C. § 1331. The All Writs Act is a law of the United States that permits this Court to "issue all writs necessary or appropriate in aid of [its] . . . jurisdiction." 28 U.S.C. § 1651. The language of the Act does not confer independent jurisdiction. Rather, "it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction. . . . [T]he Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999). "Authority under the All Writs Act 'extends to those cases which are



3

within [a court's] appellate jurisdiction although no appeal has been perfected.'" *In re Tennant*, 359 F.3d 523, 528 (quoting *FTC v. Dean Foods Co.*, 384 U.S. 597, 603-04 (1966)). This District Court does not have appellate jurisdiction over matters that were heard by the Court of Appeals for the Armed Forces. Decisions by the Court of Appeals for the Armed Forces may be reviewed only by the United States Supreme Court. 28 U.S.C. § 1259.

Accordingly, the Court will dismiss the complaint, without prejudice, for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 7/22/08

/s/ Henry Kennedy, Jr.
United States District Judge